# In the United States Court of Federal Claims

No. 25-902T

(Filed:  July 1, 2026)

|  |  |
|---|---|
| **SARIN SUVARNA,** | ) <br> ) <br> ) <br> ) |
| *Plaintiff,* | ) |
| **v.** | ) <br> ) |
| **THE UNITED STATES,** | ) <br> ) <br> ) |
| *Defendant.* | ) <br> ) |

*Sarin Suvarna*, Palo Alto, CA, *pro se*.

*Jacqueline Muallem*, Tax Division, United States Department of Justice, Washington, DC, for Defendant.  With her on the briefs was *Jason Bergmann*, Assistant Chief, Court of Federal Claims Section, United States Department of Justice, Washington, DC.

## OPINION AND ORDER

*SOLOMSON*, **Chief Judge.**

Plaintiff, Mr. Sarin Suvarna, seeks a refund of an income tax overpayment for the 2018 tax year, after the Internal Revenue Service ("IRS") and the IRS Independent Office of Appeals ("IRS Appeals") denied Mr. Suvarna's administrative refund claim. Defendant, the United States, moves to dismiss Mr. Suvarna's claim, *inter alia*, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), for failure to state a claim.  For the reasons explained below, this Court dismisses Mr. Suvarna's complaint, *sua sponte*, pursuant to RCFC 12(h)(3), because this Court lacks jurisdiction over his tax refund claim.  While this Court is sympathetic to Mr. Suvarna's predicament, this Court is ultimately bound by the statutes Congress has enacted.  Here, those laws — as interpreted by the United States Supreme Court, and our appellate court, the United States Court of Appeals for the Federal Circuit — squarely place Mr. Suvarna's claim outside this Court's jurisdiction.

## I.   FACTUAL, PROCEDURAL, AND LEGAL BACKGROUND[1]

Sometime in 2018, Mr. Suvarna's mother experienced numerous "medical complications," including being diagnosed with multiple forms of cancer, and therefore "demanded constant attention." ECF No. 1 ("Compl.") at 1.[2]  Mr. Suvarna's mother's medical issues continued throughout 2019 and 2020.  *Id.*  Mr. Suvarna served as his mother's primary caretaker during this period.  *Id.*  Although Mr. Suvarna normally filed his tax returns on his own, Mr. Suvarna was understandably "distracted [] from thoroughly reviewing [his 2018] returns."  *Id.*  Accordingly, Mr. Suvarna "relied heavily" on a tax preparation company, H&R Block, to file his 2018 returns, including his federal personal income tax return.  *Id.*  H&R Block filed Mr. Suvarna's 2018 federal income tax return on April 15, 2019.  ECF No. 1-3 ("Pl. Ex.") at 2.

Mr. Suvarna retained H&R Block to file his tax returns in subsequent years. Compl. at 1.  In September 2022, a tax professional at H&R Block discovered that — due to error on H&R Block's part — Mr. Suvarna overpaid his federal income tax for the 2018 tax year in the amount of $53,521.00.  *Id.*

Accordingly, on October 5, 2022, Mr. Suvarna filed an administrative refund claim with the IRS — via an amended 2018 federal income tax return — to recover his 2018 income tax overpayment.  Pl. Ex. at 2.  The IRS denied his refund claim.  *Id.*  Mr. Suvarna appealed to IRS Appeals, which ultimately upheld the denial of his claim.  *Id.* at 3.  The central issue with Mr. Suvarna's refund claim — according to the IRS — was that it was untimely pursuant to I.R.C. § 6511(a) of the Internal Revenue Code ("I.R.C."), and thus could not be considered.[3]  *Id.* at 2-3.  I.R.C. § 6511(a) serves as an administrative statute of limitations, and provides that a taxpayer must file an administrative refund claim with

---

[1] This Court assumes all facts alleged in Mr. Suvarna's complaint (including its attachments) are true for purposes of evaluating his complaint pursuant to RCFC 12(h)(3), and in addressing the government's motion pursuant to RCFC (12)(b)(6).  *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006) ("In reviewing a dismissal for failure to state a claim, we must assume all well-pled factual allegations are true . . . ." (citation omitted)); *Muhammad v. United States*, WL 2347985, at *1 (Fed. Cl. June 29, 2022) (assuming all factual allegations in plaintiff's complaint were true in evaluating, and ultimately disposing of, plaintiff's complaint pursuant to RCFC 12(h)(3)).

[2] Page number citations are to the ECF-designated page number electronically stamped on the top of each page of a filed document.

[3] The I.R.C. is contained in Title 26 of the United States Code.

the IRS within three years of the filing of a tax return for the period of the overpayment.[4] I.R.C. § 6511(a).  Mr. Suvarna, however, filed his original 2018 federal income tax return on April 15, 2019, Pl. Ex. at 2 — nearly *three and a half years* before he filed his refund claim. Pursuant to I.R.C. § 6511(a)'s three-year statute of limitations, Mr. Suvarna's administrative refund claim was late.

On May 27, 2025, Mr. Suvarna, proceeding *pro se*, filed suit for a tax refund in this Court, seeking recovery of his 2018 income tax overpayment.  *See* Compl.  While acknowledging the three-year statute of limitations governing administrative refund claims, I.R.C. § 6511(a), Mr. Suvarna contends that, here, that period should have been partially tolled: either pursuant to I.R.C. § 6511(h), or based on equitable principles.  *Id.* On September 26, 2025, the government filed a motion to dismiss for failure to state a claim, pursuant to RCFC 12(b)(6).  ECF No. 8 ("Def. Mot.").  While Mr. Suvarna's response was due on or before October 24, 2025, *see* RCFC 7.2(b)(1) (providing that a response to an RCFC 12(b) motion "must be filed within 28 days after service of the motion"), Mr. Suvarna failed to respond by that date.  On January 29, 2026, this court ordered Mr. Suvarna "to file a response brief to the government's motion to dismiss[,]" on or before March 2, 2026, or risk dismissal pursuant to RCFC 41(b).  ECF No. 9 at 2; *see* RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss [the action] on its own motion . . . .").

On March 2, 2026, Mr. Suvarna filed his response to the government's motion.  *See* ECF No. 10 ("Pl. Resp.").  Mr. Suvarna then filed a supplemental brief on March 5, 2026. ECF No. 12.  The government filed its reply on March 16, 2026, ECF No. 13 ("Def. Rep.").

## II.   DISCUSSION

### A.  This Court Lacks Jurisdiction to Decide Mr. Suvarna's Tax Refund Claim

Although this Court generally has jurisdiction to hear and decide tax refund claims pursuant to 28 U.S.C. § 1491(a)(1), Congress has imposed several jurisdictional prerequisites to filing such a suit here via various Internal Revenue Code provisions.

---

[4] I.R.C. § 6511(a) provides for two different statutes of limitations — one governing the case where a taxpayer filed a tax return for the period at issue, and a second for a taxpayer who did not file a tax return.  Because Mr. Suvarna filed a 2018 personal tax return, *see* Compl. at 1, this Court only addresses the limitation period in I.R.C. § 6511(a) governing the case where a taxpayer filed a tax return.

*RadioShack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008)). This Court addresses two of those jurisdictional prerequisites: the one ultimately fatal to Mr. Suvarna's tax refund claim, and a second to provide clarifying context.

*First*, I.R.C. § 7422(a) "requir[es] a taxpayer to file [an] administrative claim [with the IRS] before seeking a refund in court." *EC Term of Years Tr. v. United States*, 550 U.S. 429, 431 n.2 (2007). I.R.C. § 7422(a), in relevant part, provides:

> No suit [] shall be maintained in any court for the recovery of any internal revenue tax alleged to have been . . . excessive . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a). That is, "[i]n order for a plaintiff's suit for a refund of federal taxes to fall within the Tucker Act's waiver of sovereign immunity, the plaintiff must meet the jurisdictional threshold for filing a refund claim under I.R.C. § 7422(a)." *Koopmann v. United States*, 2022 WL 1073340, at *4 (Fed. Cir. Apr. 11, 2022) (citing *Clintwood*, 553 U.S. at 4).

*Second*, in addition to the baseline requirement to file an administrative refund claim, the Supreme Court, in *United States v. Dalm*, held that I.R.C. § 7422(a) includes a jurisdictional requirement for a plaintiff to have filed a *timely* administrative refund claim pursuant to I.R.C. § 6511(a). 494 U.S. 596, 601-02 (1990).[5] Again, I.R.C. § 6511(a) provides that a taxpayer must file an administrative refund claim with the IRS within three years of the filing of a tax return for the period of the overpayment. I.R.C. § 6511(a). This is the requirement that Mr. Suvarna's tax refund claim failed to meet.

While the Supreme Court has limited when time limits that accompany waivers of sovereign immunity are jurisdictional, the Federal Circuit recently confirmed that *Dalm* remains good law. *Biestek v. United States*, 2025 WL 2985073, at *6-7 (Fed. Cir. Oct. 23,

---

[5] *See also Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) ("[D]etermining whether a judicial action is proper also requires looking at the taxpayer's compliance with the timing requirements that govern the administrative claim, *i.e.*, the filing made to the IRS." (citations omitted)).

2025) ("We recognize that in the 35 years since *Dalm*, the Supreme Court has decided a number of cases in which the Court has held that particular limitations periods are not jurisdictional in nature. . . . Despite that line of cases, it is not a foregone conclusion that the Supreme Court will overrule *Dalm* . . . .").

When evaluating whether a taxpayer filed a timely administrative refund claim pursuant to I.R.C. § 6511(a)'s three-year statute of limitations, this Court must look at the date the taxpayer filed his or her *original* tax return for the period at issue. That is, the filing of an *amended* tax return does not restart I.R.C. § 6511(a)'s three-year clock. *See Redondo v. United States*, 542 F. App'x 908, 909-11 (Fed. Cir. 2013) (upholding trial court's dismissal for lack of subject matter jurisdiction pursuant to I.R.C. § 6511(a), where taxpayer-plaintiff filed an amended tax return — which included a claim for a refund — more than three years after taxpayer-plaintiff filed his *original* tax return); *see also Chaney v. United States*, 45 Fed. Cl. 309, 311, 316 (1999) (rejecting taxpayer-plaintiff's contention that I.R.C. § 6511(a)'s three-year statute of limitations period restarts upon the filing of an *amended* tax return). Were that not the case, the limitations period would be rendered a dead letter — as constantly subject to a restart — as all a taxpayer would have to do is file an amended return to avoid the three-year clock.

Because Mr. Suvarna filed his original 2018 federal income tax return on April 15, 2019, Pl. Ex. at 2 — notwithstanding that Mr. Suvarna amended that return on October 5, 2022, to include a refund claim, *id.* — his administrative refund claim was nearly six months late pursuant to I.R.C. § 6511(a). Thus, absent a specific exception to, or tolling of, I.R.C. § 6511(a)'s statute of limitations period, this Court must dismiss Mr. Suvarna's claim, *sua sponte*, for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3).[6] *See*

---

[6] The government incorrectly assumes that the three-year clock in I.R.C. § 6511(a) restarts upon the filing of an amended tax return. Def. Mot. at 14. Because Mr. Suvarna amended his 2018 tax return on October 5, 2022 (and included a claim for a refund with the amended return), the government assumes that Mr. Suvarna's refund claim was *timely* pursuant to I.R.C. § 6511(a). *Id.* Thus, the government only moves to dismiss Mr. Suvarna's claim pursuant to I.R.C. § 6511(b)(2)(A) for *failure to state a claim*. Def. Mot. at 14. In that regard, I.R.C. § 6511(b)(2)(A) limits the amount of refund for a timely-filed administrative claim to the portion of the overpayment, if any, made within the three years "immediately preceding the filing of the claim[.]" I.R.C. § 6511(b)(2)(A). The government contends that Mr. Suvarna's 2018 income tax was deemed paid on April 15, 2019, more than three years before Mr. Suvarna filed his refund claim. Def. Mot. at 14. The government is correct that the Supreme Court treats I.R.C. § 6511(b)(2) as a "look-back" provision, explaining that "it is not a [jurisdictional] 'statutory time . . . limitation[ ]' but rather a 'substantive limitation[ ] on the amount of recovery.'" *Boeri v. United States*, 724 F.3d 1367, 1369 (Fed. Cir. 2013) (second and third alternations in original) (quoting *United States v. Brockamp*, 519 U.S. 347, 348, 352 (1997)). Accordingly, a refund claim seeking sums paid that are outside the

RCFC 12(h)(3) (requiring that, in the absence of subject-matter jurisdiction, this Court "must dismiss the action"); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*.").[7]

Because this Court concludes, *infra*, that Mr. Suvarna is not entitled to the suspension of I.R.C. § 6511(a)'s three-year statute of limitations, this Court dismisses Mr. Suvarna's 2018 tax refund claim for lack of jurisdiction. *See Redondo*, 542 F. App'x at 910 ("Section 6511(a) of the Internal Revenue Code requires that a taxpayer bring a refund claim within 3 years from the time the return was filed . . . . But [plaintiff] did not request a refund until [after that three-year period had passed]. . . . [Plaintiff's] claim, therefore, must be dismissed [for lack of jurisdiction] unless he was entitled to a suspension of the statute of limitations.").

---

look-back period must be dismissed for failure to state a claim. *See Schallmo v. United States*, 825 F. App'x 826, 828-29 (Fed. Cir. 2020). But as this Court explains, Mr. Suvarna's case fails on jurisdictional grounds pursuant to I.R.C. § 6511(a).

[7] Ironically, the government originally moved to dismiss Mr. Suvarna's claim for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), but did so based on an erroneous interpretation of a statute, and later withdrew that ground for dismissal: A plaintiff must file a tax refund suit in this Court within the prescribed statute of limitations. 26 U.S.C. § 6532; *Taha v. United States*, 757 F. App'x 947, 951 (Fed. Cir. 2018) (noting that 26 U.S.C. § 6532 "establishes jurisdictional time limitations on tax refund suits"). "Section 6532(a) states two rules for the timing of the action in court. First, no such suit 'shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time.'" *Dixon*, 67 F.4th at 1160 (quoting 26 U.S.C. § 6532(a)(1)). Second, "[a] tax refund suit must be brought within two years from the date the IRS mails the first notice of disallowance for a refund claim." *Taha*, 757 F. App'x at 951 (citing 26 U.S.C. § 6532(a)(1)). In its motion to dismiss, the government argued that because the IRS mailed its notice of disallowance of Mr. Suvarna's 2018 refund claim on May 26, 2023, Mr. Suvarna's claim in this Court — filed on May 27, 2025 — was one day late, pursuant to 26 U.S.C. § 6532(a)(1). Def. Mot. at 10-11. The government thus moved to dismiss Mr. Suvarna's claim for lack of subject matter jurisdiction. *Id.* However, the government overlooked that May 26, 2025, was a federal holiday, and pursuant to RCFC 6(a)(1)(C), Mr. Suvarna's filing on May 27, 2025, was therefore timely. *See* RCFC 6(a)(1)(C) ("[I]f the last day [to file a motion paper] is a . . . legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). The government withdrew its motion to dismiss pursuant to RCFC 12(b)(1), in its reply brief, Def. Rep. at 1, after Mr. Suvarna addressed the government's error in his response brief. Pl. Resp. at 2 ("May 26, 2025, was Memorial Day, a federal holiday. My understanding is that under RCFC 6(a)(1)(C), if the last day of a filing period falls on a . . . legal holiday, the period continues until the end of the next day that is not a weekend or holiday. Since May 26 was a holiday, my May 27 filing should be considered timely by law.")

### B. I.R.C. § 6511(h)'s "Financial Disability" Exception Does Not Save Mr. Suvarna's Claim

To avoid I.R.C. § 6511(a) as interpreted and applied in *Dalm*, Mr. Suvarna invokes the "financial disability" exception of I.R.C. § 6511(h) before this Court — just as he previously did before IRS Appeals.[8]  Compl. at 1; Def. Ex. at 20.  That section provides for the suspension of all limitation "periods" in I.R.C. § 6511(a) and § 6511(b) "while [a] taxpayer is unable to manage financial affairs due to disability."  I.R.C. § 6511(h).  I.R.C. § 6511(h)(2)(A) defines "financially disability" for purposes of that section: "an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death[,]" or "can be expected to last for a continuous period of not less than 12 months."  I.R.C. § 6511(h)(2)(A).

Mr. Suvarna contends that, because his mother experienced medical issues between 2018 and 2020 *for which he served as her primary around-the-clock caretaker*, he qualifies for the financial disability exception during that entire period.  Compl. at 1. Thus, Mr. Suvarna argues that his October 5, 2022, administrative refund claim was well *within* the administrative three-year statute of limitations, I.R.C. § 6511(a).  *Id.*

As the government observes, however, Def. Mot. at 14, the plain language of I.R.C. § 6511(h) demands that the taxpayer himself or herself — and not a third-party — suffer a medical or physical impairment to obtain the benefits of the tolling.  *See* I.R.C. § 6511(h)(2)(A) ("[A]n *individual* is financially disabled if *such individual* is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment *of the individual* . . . ."(emphasis added)); *Murdock v. United States*, 103 Fed. Cl. 389, 395 (2012) ("[T]he physical or mental impairment must be that of the taxpayer, not of some third person." (quoting *Brosi v. C.I.R.*, 120 T.C. 5, 10 (2003))).

Here, because Mr. Suvarna does not allege that *he* suffered from any medical impairment during the period at issue, Mr. Suvarna does not qualify for the tolling

---

[8] This Court points out that while IRS Appeals denied Mr. Suvarna's financial disability claim, it provided little explanation for that decision.  Pl. Ex. at 3 ("We considered your protest[,] and the evidence and arguments submitted in support of the [] claim for a refund of tax and/or penalty. The information you submitted provided no basis to allow any part of your claim."). Mr. Suvarna, did not, however, raise a financial disability claim with his *initial* IRS claim.  ECF No. 8-1 ("Def. Ex.") at 15.

provision, I.R.C. § 6511(h).  That Mr. Suvarna's *mother* suffered from various medical impairments is inapposite to *Mr. Suvarna's* financial disability claim.  Even Mr. Suvarna's constant care for his mother is insufficient for purposes of I.R.C. § 6511(h).  Mr. Suvarna admits as much in his complaint:  "While I want to be clear that I was not 'financially disabled[,]' I could not manage my financial affairs due to my mother's disability." Compl. at 1.

Other courts have likewise concluded that — for purposes of I.R.C. § 6511(h)'s tolling provision — the physical or mental impairment **must** be that of the taxpayer; a third person's impairment, irrespective of whether it burdens the taxpayer, is not enough. *Meconi v. United States*, 2014 WL 2590925, at *5 (D. Del. June 6, 2014) ("[A]lthough plaintiff had to address and deal with around the clock care-giving responsibilities to his wife . . . [I.R.C. § 6511(h)] requires more than such a showing."); *Pleconis v. IRS*, 2011 WL 3502057, at *7 (D.N.J. Aug. 10, 2011) ("[T]o the extent that [plaintiff] is arguing that she did not file taxes because she was preoccupied with caring for her husband, that is insufficient under § 6511(h).").

### C.  Equitable Tolling is Unavailable for I.R.C. § 6511's Time Limitations

In his response brief, Mr. Suvarna contends that, "the principles of . . . equitable tolling. . . . should apply . . . to the [] issue of claiming a refund rightfully owed to [him]." Pl. Resp. at 1.  Mr. Suvarna details how he was forced to travel overseas to care for his mother for the relevant period (*i.e.*, 2018 through 2020), and requests this Court to consider I.R.C. § 6511(a)'s three-year statute of limitations equitably tolled due to these "extraordinary circumstances." *Id.*

Equitable tolling is, however, categorically unavailable for I.R.C. § 6511's time limitations.  In *United States v. Brockamp*, the Supreme Court expressly "conclude[d] that Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations." 519 U.S. at 354.  In reaching that conclusion, the Supreme Court explained how I.R.C. § 6511 "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* at 350.  Thus, this Court "lack[s] any discretion to suspend the statute of limitations for a reason other than financial disability" of the taxpayer.  *Redondo*, 542 F. App'x at 911 (addressing *Brockamp*, 519 U.S. at 350-54).[9]

---

[9] The Federal Circuit "has repeatedly . . . [held] that the timing requirements of sections 7422(a)

## III.   CONCLUSION

For the foregoing reasons, Mr. Suvarna is not entitled to the suspension of I.R.C. § 6511(a)'s three-year statute of limitations — for financial disability or otherwise. Accordingly, this Court must dismiss Mr. Suvarna's 2018 tax refund claim for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3). *See Redondo*, 542 F. App'x at 910.

While this Court is sympathetic to Mr. Suvarna's predicament, the narrowly tailored waiver of sovereign immunity in I.R.C. § 6511(h) does not offer Mr. Suvarna an escape. Moreover, "[s]ympathy by the court for plaintiff's situation is not a basis to supersede the limited waiver of sovereign immunity under § 6511(h)." *Meconi*, 2014 WL 2590925, at *6. Having found that this Court lacks jurisdiction over Mr. Suvarna's refund claim, this Court need not — indeed cannot — address the parties' remaining contentions.

This case is **DISMISSED** for lack of subject-matter jurisdiction, pursuant to **RCFC 12(h)(3)**. The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

---

and 6511(a) are . . . not subject to any of the equitable principles that could afford relief to claimants." *Biestek*, 2025 WL 2985073, at *7 (citing cases)). Indeed, "[t]he United States Tax Court has explained that § 6511(h)'s disability tolling provision was added to the Internal Revenue Code as a response to *Brockamp*, which held that § 6511 was not subject to equitable tolling." *Martinez v. United States*, 2013 WL 3940958, at *6 n.4 (Fed. Cl. July 25, 2013) (citing *Brosi*, 120 T.C. at 12 n.6).